UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEOPLE OF THE
STATE OF MICHIGAN,

        Plaintiff,

Case No. 2:24-cv-46

Hon. ROBERT J. JONKER

v.

JOHN R. KANERVA,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

**I.    Discussion**

On March 22, 2024, defendant John R. Kanerva filed a convoluted Notice of Removal in this Court regarding a criminal proceeding in Michigan's 96th District Court.[1] The criminal case, *People v. Kanerva*, No. 240353ST, involved a charge of "License Plate Unlawful Use – Forged – Altered". *See* Notice (ECF No. 1); Register of Actions (ECF No. 1-3). The state case against Kanerva was dismissed with prejudice on February 21, 2024. *See* Order of Nolle Prosequi ("Dismiss all counts with prejudice") (ECF No. 7-1, PageID.99).

Kanerva's lawsuit should be remanded for the following reasons.

First, this is a frivolous filing. Kanerva's Notice of Removal sets out a non-existent, multi-faceted "plaintiff" for the state criminal case:

> People of the State of Michigan, If J. Nelson Atty. CHOCOLAY TWP. / UNCONSTITUTIONAL CORP. STATE OF MICHIGAN UNCONSTITUTIONAL CORP. RECOLONIZED BRITISH COLONY U.P. QUEENS HWY FOREIGN LAW PRACTITIONER(S) OFFICER Id# 11 /

---

[1] *See Michigan v. Kanerva*, No. 2:15-CV-130, 2020 WL 3001649 at *1 (May 12, 2020), *R&R adopted*, 2020 WL 3001074 (W.D. Mich. June 4, 2020) (observing that Kanerva "has a history of improperly removing cases to this Court.").

> CARRICK [Rep. For the Crown of England?] BONDS and Indemnity Liability Ins. et al. For Chocolay Risk Man. All insurance john doe companies and policies purchased by Chocolay Twp. Malpractice insurance carriers for any Atty. who decides to attempt to prosecute this case Officer Carrick individually, and his wife if married or husband if he is sodomite. Plaintiffs et al. Attorney Co-Conspirator for Plaintiff Also under Sec 241-242 Judge who conspires is done.

Notice at PageID.1.

Second, Kanerva does not present a basis for removing this case. The procedure for removal of a criminal prosecution is set forth in 28 U.S.C. § 1455. As a general rule, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier. . ." 28 U.S.C. § 1455(b)(1). Kanerva does not address that statute in his Notice of Removal or explain any legal basis for removing a state criminal case to federal court.

Third, there is no criminal prosecution to remove to federal court. The state court dismissed *People v. Kanerva* with prejudice. As one court observed, "there is absolutely no legal basis upon which a state court litigant may remove a closed state court case to federal court." *Yee v. Michigan Supreme Court*, No. 06-CV-15142-DT, 2007 WL 1686500, at *1 (E.D. Mich. June 8, 2007). For all of these reasons, this state criminal case should be remanded to Michigan's 96th District Court.

## II.     RECOMMENDATION

Accordingly, I respectfully recommend that this case be **REMANDED** to the state court.

Dated:  October 7, 2024              /s/ Ray Kent
                                     RAY KENT
                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).